# EXHIBIT A

Reba Squyres, District Clerk
Angelina County, Texas
By: Raeanne Kent,
Deputy Clerk

NO. CV-00359-23-06

| | | |
|---|---|---|
| LARRY CHRISTENSEN and JUSTIN REED, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | |
| | § | ANGELINA COUNTY |
| CITY OF LUFKIN, TEXAS; JESSE MOODY, in his official capacity as Fire Chief; and ADRIANA THOMASEE, in her official capacity as Civil Service Director, | § § § § § | |
| Defendants. | § § | 159th/217th _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

Come now Plaintiffs Larry Christensen and Justin Reed and complain of Defendants, City of Lufkin, Texas; Jesse Moody, in his official capacity only; and Adriana Thomasee, in her official capacity only. In support of their complaint, Plaintiffs state the following:

### DISCOVERY LEVEL
### I.

Plaintiffs intend that discovery in this case be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 190.3.

### PARTIES
### II.

Plaintiffs Larry Christensen and Justin Reed are individual Texas residents who were employed by Defendant City as professional fire fighters in the Lufkin Fire Department.

### III.

Defendant City of Lufkin is a municipal corporation operating within its geographical boundaries in Angelina County, Texas. Defendant City may be served by serving City Mayor Mark Hicks at his office address, 300 East Shepherd, Lufkin Texas 75901, or wherever he may be found.

IV.

Defendant Jesse Moody is an individual Texas resident employed by Defendant City of Lufkin as its Fire Chief. Defendant Moody is sued in his official capacity only. He may be served at his office address, 111 South Third Street, Lufkin Texas 75901, or wherever he may be found.

V.

Defendant Adriana Thomasee is an individual Texas resident employed by Defendant City of Lufkin as its Civil Service Director. Defendant Thomasee is sued in her official capacity only. She may be served at her office address, 300 East Shepherd, Lufkin Texas 75901, or wherever she may be found.

## JURISDICTION AND VENUE
VI.

The Court has jurisdiction over the case pursuant to TEX. CONST. art. V. § 8; TEX. GOV'T CODE §§ 24.007–24.008. Venue is proper in this Court pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002. As is required by TEX. R. CIV. P. 47, Plaintiffs plead that they seek, at the current time, monetary relief over $1,000,000 and non-monetary relief.

## FACTUAL ALLEGATIONS
VII.

Lufkin is a home-rule city with a population over 10,000. At all times relevant to this lawsuit, it has been governed by the Fire Fighter and Police Officer Civil Service Act ("the Civil Service Act"), Texas Local Government Code Chapter 143, its voters having adopted it in a local election held for that purpose.

## VIII.

Under the Civil Service Act, the local civil service commission is required to adopt rules that prescribe cause for removal or suspension of a non-probationary fire fighter. TEX. LOC. GOV'T CODE § 143.008(c). The rules must comply with the grounds for removal prescribed by TEX. LOC. GOV'T CODE § 143.051. Acting pursuant to this authority, the Lufkin Civil Service Commission has adopted local civil service rules establishing cause for removal or suspension. The rules listing grounds for discipline or discharge include acts of incompetency and neglect of duty.

## IX.

Authority to suspend or discharge a fire fighter for disciplinary reasons is lodged in the fire chief. TEX. LOC. GOV'T CODE § 143.052(b). In the parlance of the Civil Service Act, a discharge is referred to as an "indefinite suspension." *Id.* To exercise his authority to discharge or suspend a fire fighter, the fire chief must file a written statement with the local civil service commission, with a copy to the fire fighter, giving the reasons for the suspension or discharge. The written statement must specifically identify the civil service rules alleged to have been violated by the suspended or discharged fire fighter, and it must describe the alleged acts that the fire chief contends are in violation of the cited civil service rules. The written statement must also inform the suspended or discharged fire fighter of the fire fighter's right to appeal the discharge or suspension to the civil service commission or, at the fire fighter's option, to an independent third-party hearing examiner. TEX. LOC. GOV'T CODE §§ 143.052, 143.057.

## X.

If the suspended or discharged fire fighter exercises the right of appeal, the local commission or hearing examiner must convene an administrative hearing at which evidence is presented and render a written decision either upholding, modifying, or overturning the suspension

or discharge. TEX. LOC. GOV'T CODE §§ 143.053, 143.057. A commission or hearing examiner decision is appealable to district court. TEX. LOC. GOV'T CODE §§ 143.015, 143.057(j).

## XI.

Plaintiff Christensen and Plaintiff Reed were non-probationary fire fighters for the Lufkin Fire Department. Both were active members of and participants in the affairs of the employee association that represents Lufkin fire fighters: the Lufkin Professional Firefighters Association. By way of example only, Plaintiff Reed is the Treasurer for the Association, and both Plaintiffs served on a committee that amended the Association's bylaws in a way that upset members of the Fire Department administration.

## XII.

Defendant Moody is hostile to the union and to Plaintiffs' union associations and activities. The hostility intensified after Moody learned of discussions among union members and leadership about a vote of no confidence in Chief Moody in the wake of dozens of fire fighters leaving the Department during his tenure, among other concerns. Chief Moody takes personnel actions to punish union activity and harm the union, such as preventing union leaders from working on crews together.

## XIII.

Defendant Moody presented false, misleading, and/or incomplete information to Lufkin Fire Department Medical Director Joshua Allen about an April 3, 2023 emergency response that the Plaintiffs and other Lufkin fire fighters participated in. Defendant Moody failed to perform a full and fair investigation into the emergency response before providing information about it to Allen. Defendant Moody's goal was to convince Allen to refuse to allow the Plaintiffs to continue to operate as Paramedics under his license. Defendant Moody did not and would not have taken

4

similar action against an employee who had not engaged in the union speech, activities, and associations that the Plaintiffs have engaged in. For instance, the other two fire fighters who participated in the April 3, 2023 emergency response with the Plaintiffs were not even questioned.

### XIV.

Defendant Moody's plan worked: Allen revoked his permission for Plaintiffs to practice as Paramedics under his license. Allen's decision was made without a full and fair investigation. Allen did no investigation whatsoever; instead, he relied on the false, misleading, and/or incomplete information provided by Defendant Moody.

### XV.

By separate letters dated April 26, 2023, Defendant Moody notified both Christensen and Reed that he was terminating their employment because Allen had revoked his authorization for Christensen and Reed to operate as Paramedics under Allen's license. Defendant Moody wrote that Christensen and Reed "no longer possess the necessary certifications to continue employment with the City of Lufkin Fire Department" and that their terminations are "the result of [Christensen's and Reed's] inability to meet the qualifications of [their] employment as required by City of Lufkin Policy."

### XVI.

Moody did not provide the local civil service commission, with copies to Christensen and Reed, written statements citing civil service rule violations and listing grounds for discharge. Moody likewise failed to give Plaintiff Christensen or Plaintiff Reed any notice of their right to appeal to the commission or to a hearing examiner. Rather, in the April 26, 2023 letters of termination, Chief Moody stated his position that the "termination is administrative in nature and non-disciplinary."

## XVII.

Despite the absence of notice of their right to appeal, Plaintiff Christensen and Plaintiff Reed both filed notices of appeal with the Lufkin Civil Service Commission by letters dated April 28, 2023, and received by Civil Service Director Adriana Thomasee that same day. In the appeal letters, Plaintiffs Christensen and Reed requested that their appeals be heard by independent third-party hearing examiners rather than by the commission.

*[handwritten margin note: "These were sent to comm'n I believe"]*

## XVIII.

When a fire fighter appeals a discharge decision to a hearing examiner, the city's ministerial duty is to process the appeal by taking steps with the fire fighter to select an independent hearing examiner using, if necessary, the auspices of the American Arbitration Association or the Federal Mediation and Conciliation Service. TEX. LOC. GOV'T CODE § 143.057. However, Defendants did neither. Rather, by letters dated May 3, 2023, Defendant Thomasee notified Plaintiff Christensen and Plaintiff Reed that because their discharges were "due to Dr. Joshua Allen's revocation of your certificate to practice under his medical license . . . , Section 143.057 of the Texas Local Government Code does not apply, and there is no right of appeal." At all times subsequent, Defendants have refused to accord Plaintiffs their appeal rights under the Civil Service Act.

## CAUSES OF ACTION
## XIX.

In discharging the Plaintiffs in retaliation for their speech, activities, and associations protected by the First Amendment to the United States Constitution, Defendants City and Moody violated Plaintiffs' rights under the Constitution and 42 U.S.C. § 1983.

## XX.

In discharging the Plaintiffs without compliance with the disciplinary procedures specified in the Civil Service Act, the Defendants violated Plaintiffs' rights under the Civil Service Act, including but not limited TEX. LOC. GOV'T CODE §§ 143.010, 143.015, 143.051–053, 143.057. Under the Civil Service Act, Plaintiffs as non-probationary fire fighters may be discharged only for cause, and only in strict compliance with the procedural requirements of the Civil Service Act. Defendants' discharge of Plaintiffs was illegal and deprived Plaintiffs of their statutory rights.

## XXI.

In failing and refusing to accord Plaintiffs their appeal rights under the Civil Service Act, Defendants violated the Act, including but not limited to TEX. LOC. GOV'T CODE §§ 143.010, 143.015, 143.053, 143.057. As non-probationary civil service fire fighters, Plaintiffs may not be denied their right to appeal to the commission or, at their option, to an independent third-party hearing examiner any decision to suspend or discharge them for disciplinary reasons. Defendants violated Plaintiffs' statutory rights under the Civil Service Act by failing and refusing to accord them their statutory right to appeal.

[handwritten margin note: "not Disciplinary Reasons"]

## MANDAMUS
## XXII.

Pursuant to TEX. GOV'T CODE § 24.011, the judge of a district court may, either in termtime or vacation, grant writs of mandamus. A writ of mandamus may issue to compel a public official to perform a ministerial act. An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. A party is entitled to mandamus when there is a legal duty to perform a non-discretionary act, a demand for performance of that act, and a refusal by the involved official.

### XXIII.

After the Plaintiffs appealed their discharges to a hearing examiner by filing timely notices of appeal with Civil Service Director Adriana Thomasee, Defendant Thomasee had a ministerial or non-discretionary duty spelled out by the Civil Service Act to process the Plaintiffs' disciplinary appeals to independent third-party hearing examiners in accordance with the requirements specified in the statute. Plaintiffs therefore seek a writ of mandamus compelling Defendant City, and more specifically Defendant Thomasee, to take the appropriate steps required by the Civil Service Act to process Plaintiffs' discharge appeals to independent third-party hearing examiners for decisions on the merits of their discharges.

### XXIV.

If a writ of mandamus does not issue compelling Defendants to process Plaintiffs' discharge appeals in accordance with the terms of the Civil Service Act, Plaintiffs will have no adequate alternate remedy. No alternative remedy is available to enable Plaintiffs to enforce their specific right to contest through civil service procedures their discharge cases before independent third-party hearing examiners.

### PRAYER FOR RELIEF
### XXV.

Wherefore, premises considered, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that upon hearing, the Court award Plaintiffs the following relief:

    A.    Declare that Defendants violated Plaintiffs' rights under the First Amendment by discharging Plaintiffs in retaliation for protected speech, activities, and associations.

    B.    Declare that Defendants violated Plaintiffs' rights under the Civil Service Act by discharging Plaintiffs for disciplinary reasons without using the procedures specified in the Civil Service Act.

C. Award Plaintiffs damages, including for lost wages and earning capacity in the past and in the future, as well as mental anguish in the past and future.

D. Issue injunctive relief requiring Defendants to reinstate Plaintiffs to their positions.

E. Enjoin Defendants from discharging Plaintiffs for disciplinary reasons without using the procedures mandated by the Civil Service Act.

F. Issue a writ of mandamus directing Defendants immediately to comply with the Civil Service Act by processing Plaintiffs' discharge appeals to hearing before independent third-party hearing examiners in accordance with the procedures established by the Civil Service Act.

G. Order Defendants to pay Plaintiffs' reasonable and necessary attorney fees and costs.

H. Order Defendants to pay pre- and post-judgment interest to the maximum extent allowed by law.

I. Order such further relief, at law or at equity, to which Plaintiffs may show themselves justly entitled.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

    /s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiffs

9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matthew Bachop on behalf of Matthew Bachop
Bar No. 24055127
mbachop@ddollaw.com
Envelope ID: 76900379
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 6/23/2023 11:24 AM CST

Associated Case Party: Larry Christensen

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Matthew Bachop | | mbachop@ddollaw.com | 6/23/2023 10:26:02 AM | SENT |
| Abby Marin | | nmarin@ddollaw.com | 6/23/2023 10:26:02 AM | SENT |